**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILL HENRY GARRETT,                    *
                                       *
                  Plaintiff,           *
v.                                     *
                                       *
CAROLYN W. COLVIN, Acting              *       No. 2:15CV00045-JJV
Commissioner, Social Security          *
Administration,                        *
                                       *
                  Defendant.           *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff has appealed the final decision of the Commissioner of the Social Security

Administration to deny his claim for disability insurance benefits and supplemental security income.

The Appeals Council denied plaintiff's request for a review of the decision by the Administrative

Law Judge (ALJ) (Tr. 1-3), so it is the final decision of the Commissioner.

Mr. Garrett filed his timely Complaint in this court.  Both parties submitted briefs in support

of their respective positions and the case is ripe for a decision.

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

The only disputed issue in this case is whether plaintiff is disabled within the meaning of the

Social Security Act.  Plaintiff bears the burden of establishing a physical or mental impairment that

has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity.  42 U.S.C. § 423 (d) (1) (A); 42 U.S.C. § 1382c(3) (A) and (B).

The ALJ[1] found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 13)  The ALJ also found that, based solely on the medical evidence, with gouty arthritis, hypertension, and degenerative disc disease of the lumbar spine, plaintiff had "severe" impairments within the meaning of the Social Security Regulations.  *Id*.  However, he concluded plaintiff did not have a "listed impairment."  (Tr. 14.)

The ALJ determined Plaintiff had the residual functional capacity to perform the full range of light work (*Id.*), and therefore was unable to perform his past relevant work as a plumber's helper or correctional officer.  (Tr. 17.)  Since Mr. Garrett could no longer perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education, and past relevant work. (Tr. 18)  Using plaintiff's vocational profile and residual functional capacity, the ALJ established that Rule 202.21 of the Medical-Vocational Guidelines directed a finding of not disabled.  *Id.*. Consequently, the ALJ concluded plaintiff was not disabled.  *Id.*

After careful review of the record in this case, I find that the ALJ erred by relying on the Medical-Vocational guidelines when plaintiff suffered from a significant nonexertional impairment. Testimony of a vocational expert is generally required when the burden shifts to the Commissioner and the claimant has a nonexertional impairment.  *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

1994).   "The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines." *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993) (quoting *Thompson v. Bowen*, 850 F.2d 346, 349-350 (8th Cir.  1988)).   "Significant" refers to whether plaintiff's nonexertional impairments  preclude him from engaging in the full range of activities listed in the guidelines under the demands of day-to-day life.  *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.  1997).  Isolated occurrences will not preclude the use of the guidelines.  However, persistent nonexertional impairments preventing the claimant from engaging in the full range of activities listed in the guidelines will preclude their use.   *Thompson*, 850 F.2d at 350.

As previously noted, the ALJ found that plaintiff had a "severe" impairment in the form of hypertension. A "severe" impairment is one that significantly limits the plaintiff's physical or mental ability to do basic work activities.  *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Hypertension is a nonexertional impairment which may significantly restrict a claimant's ability to perform the full range of work.  *Evans v. Chater*, 84 F.3d 1054, 1056 (8th Cir. 1996.)  And here, the evidence shows that Plaintiff's hypertension in fact significantly limits his ability to perform the full range of light work.  (Tr. 44-45, 295, 329, 376-379, 404-426.)  Since plaintiff's nonexertional impairment significantly limited his ability to do basic work activities, reliance on the Medical-Vocational guidelines was error; it invaded the province of the vocational expert.  *Sanders v. Sullivan*, 983 F.2d 822, 823-24 (8th Cir. 1992).

With regard to the substantiality of evidence, Mr. Garrett points out in his brief that his treating physicians for many years concluded he was substantially limited in his ability to perform work related activities.  A "treating physician's opinion is generally given controlling weight if it is

'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence' in the record." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011). The purpose underlying such deference is to reach a reliable disability determination, one that is based on medical opinions obtained through consistent and continued exposure to the claimant's impairments. *See Doyle v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). Treating physicians, in general, have a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations," 20 C.F.R. § 416.927(d)(2), and, for purposes of determining a claimant's disability, "a longstanding treatment relationship provides some assurance that the opinion has been formed for purposes of treatment and not simply to facilitate the obtaining of benefits. *Id*. at 762-63. Therefore, on remand, the Commissioner should also reconsider the opinions of Plaintiff's treating doctors.

Accordingly, the Court finds that the decision of the ALJ is not supported by substantial evidence. The ruling of the Commissioner must be reversed and the matter remanded. On remand, testimony of a vocational expert is necessary to determine if plaintiff can perform any jobs in the local or national economy on a full time basis, given his nonexertional impairment. The Commissioner should also reconsider the opinions of Plaintiff's treating physicians.

THEREFORE, this matter is reversed and remanded for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 30th day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE